### EDWIN CLARK *vs.* GEORGE T. SMITH.

### May 17, 1875.

Assignment of Interest in an Invention for which a Patent had been applied for—Subsequent Issue of Patent for Part of theory of same Invention to the Assignor.—S., having made an invention, and applied for letters patent for the same, assigned a half interest therein to C. Subsequently C. and S. made an agreement, by the terms of which C. was to re-assign his half interest to S., and to request the commissioner of patents to issue a patent for the invention in the sole name of S., in consideration of which S. was, among other things, to execute the promissory note in suit in favor of C. This agreement was fully performed on both sides, C. executing an instrument, by the terms of which he sold, re-assigned and set over to S. all his interest in the invention, as before assigned to him by S., and also, in the same instrument, requested the commissioner of patents to cancel the assignment to himself, and to issue letters patent for the invention in the sole name of S. This instrument was duly recorded in the patent office. *Held* that the facts that, after the re-assignment, a patent was issued to C. for a portion of the theory of the invention originally assigned to him by S., and that the subsequent application of S. for a patent for his invention was rejected, on the ground that it would infringe upon the patent issued to C., furnish no defence to the note.

Appeal by defendant from a judgment of the district court for Winona county, the action having been tried before *Mitchell*, J., without a jury.

*O. M. Williams*, for appellant.

*Simpson & Wilson*, for respondent.

BERRY, J. This is an action upon a promissory note. It appeared that defendant had made an invention for purifying flour middlings, and having applied for letters patent for the

same, had assigned a half interest therein to plaintiff. Subsequently plaintiff and defendant made an agreement, by the terms of which plaintiff was to re-assign his half interest to defendant, and to request the commissioner of patents to issue a patent for the invention in defendant's sole name, in consideration whereof defendant was to give plaintiff his check for $320, and execute the note in suit. This agreement was fully performed on both sides, the plaintiff executing an instrument, by the terms of which he *sold, re-assigned and set over to defendant all his interest in the invention as before assigned by defendant to him.* He also, in the instrument of re-assignment, requested the commissioner of patents to cancel the assignment to himself, and to issue letters patent for the invention in the sole name of defendant. The instrument of re-assignment was duly recorded in the patent office.

As a defence, and for the purpose, as we understand it, of showing a failure of the consideration of the note, the defendant offered to prove a breach of the agreement on account of which the note was given, by showing that, after the re-assignment, a patent was issued to the plaintiff for a portion of the theory of the invention originally assigned to him by defendant, and that defendant's subsequent application for a patent for his invention was rejected, on the ground that it would infringe upon the patent issued to plaintiff. There is nothing in the defence. The re-assignment had respect solely to defendant's rights under his supposed invention, whatever they might be. The plaintiff in no way became responsible for the validity of defendant's claim of an invention, neither did he guaranty the issue of a patent for the same. The issue of the patent to plaintiff does not show that plaintiff in any way interfered with any rights of defendant. On the contrary, as the patent is to be taken to have been rightfully issued, it is to be presumed that plaintiff was entitled to the same, (as he might be,) without any interference with defendant's rights. Judgment affirmed.